CIRCUIT COURT SUMMONS — NASHVILLE, TENNESSEE

Service ID 570476

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

AIG PROPERTY CASUALTY COMPANY

Plaintiff

vs.

TESLA INC.
CT CORPORATION REGISTERED AGENT OF TESLA INC
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 25C3593
Method of Service:
Certified Mail

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 30th day of December, 2025 I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 25C3593 to the Defendant, TESLA INC. . On the 8th day of January, 2025, I received the return receipt for said registered or certified mail, which had been signed by (illegible) on the (ill.) day of (ill.), 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
DAY OF _____, 20___.
_____ DEPUTY CLERK
NOTARY PUBLIC
MY COMMISSION EXPIRES: _____

(Notary seal: JAYME PALMER, STATE OF TENNESSEE, COUNTY OF DAVIDSON, NOTARY PUBLIC, MY COMMISSION EXPIRES MARCH 08, 2026)

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER AUTHORIZED BY STATUTE TO SERVE PROCESS

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
CT CORPORATION, AS REGISTERED AGENT OF
TESLA, INC
300 MONTVUE RD
KNOXVILLE TN 37919-5510

9590 9402 9539 5121 4137 37

2. Article Number (Transfer from service label)
(illegible barcode numbers)

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 — Domestic Return Receipt

IN THE CIRCUIT COURT FOR THE
TWENTIETH JUDICIAL DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>    Defendant. | Case No. _____<br><br>**Jury Demand** |

## COMPLAINT

NOW COMES PLAINTIFF, AIG Property Casualty Company, through the undersigned counsel, and for its COMPLAINT against DEFENDANT Tesla, Inc., states as follows:

### INTRODUCTION

1. Plaintiff is an insurance company that at all relevant times provided homeowners and auto insurance policies to Mr. Randall Cobb (hereafter the "Insured").

2. This case arises from a fire at his home, located in Nashville, Davidson County, Tennessee, that was caused by a malfunction in the charging cable that was included in the lease of his 2022 Tesla Model S Plaid.

3. The charging cable caught fire owing to a defect in the conductor insulation internal to the cable, ultimately causing over $4 million in damage to his home and vehicles, as detailed below.

1

**PARTIES**

4. Plaintiff AIG Property Casualty Company ("Plaintiff") is a Delaware corporation with its principal place of business located in New York, New York. Plaintiff is duly authorized to transact and conduct the business of insurance in the State of Tennessee. At all relevant timeframes set forth herein, Plaintiff provided property insurance to Mr. Randall Cobb that insured his property and vehicles located in Nashville, Davidson County, Tennessee.

5. Defendant Tesla, Inc. is a Delaware entity in the business of designing, manufacturing, and selling electric vehicles from its facilities throughout the country.

6. At all relevant times, Tesla, Inc. has been a Delaware corporation that has continuously been doing business in the state of Tennessee, including within Davidson County.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to Tenn. Code Ann. § 16-10-101, as it is a court of general jurisdiction with authority to hear civil cases where the jurisdiction is not conferred upon another tribunal.

8. This Court has personal jurisdiction over Tesla, Inc. pursuant to Tenn. Code Ann. § 20-2-214, as Tesla conducts business in Tennessee through its dealerships (including Tesla of Cool Springs where the vehicle was leased), sells products in Tennessee, and the cause of action arose from Tesla's product causing injury in Tennessee.

9. This Court is the proper venue for this case pursuant to Tenn. Code Ann. § 20-4-104 and Tenn. Code Ann. § 20-4-101, as the cause of action arose in Davidson County, Tennessee, where the fire occurred at the Insured's residence in Nashville.

**FACTUAL BACKGROUND**

10. In the summer of 2022, the Insured purchased a home in Nashville, Tennessee.

COPY

11. In the same year, the Insured leased a 2022 Tesla Model S Plaid from Tesla of Cool Springs, Tennessee.

12. The Tesla vehicle came with a charging cable supplied by Tesla as original equipment manufacturer (OEM) equipment.

13. The Insured had a dedicated 240-volt receptacle installed in his garage specifically for charging the Tesla.

14. The charging cable had been subject to normal expected use and had not been subject to abuse or damage at any time during the Insured's use.

15. Approximately 2-3 days prior to July 25, 2024, the breaker for the dedicated branch circuit and receptacle charging the vehicle tripped for no identified reason while the Telsa was charging. The breaker was reset, and charging of the vehicle resumed as expected.

16. On July 25, 2024, Insured drove the Tesla vehicle in the morning and connected it to the charging cable afterward to recharge.

17. According to Tesla's records, the vehicle stopped charging at 9:32 PM on July 25, 2024.

18. At approximately 9:51 PM on July 25, 2024, smoke alarms alerted the Insured and his family to a fire in the garage.

19. When the Insured entered the garage, he observed flames in the area behind the Tesla at the garage wall.

20. The Nashville Fire Department responded to the scene and extinguished the fire.

21. The fire caused extensive damage to Insured's residence, the Tesla vehicle, and a Mercedes SUV that was also parked in the garage.

22. Two independent expert investigations were conducted following the fire.

3

COPY

23. Both expert investigations concluded that the fire originated from the Tesla charging cable.

24. The experts determined that the ignition source of the fire was an arc in the charging cable resulting from failure of internal insulation on the conductors of the cable.

25. The experts further concluded that the failure of the internal insulation was the result of a defect in the cable, not from any misuse or external factors.

26. As a result of the fire, Insured suffered real and personal property damage to his residence, damage to the Tesla, and damage to a Mercedes SUV, for total damages in excess of $4 million.

27. The Insured submitted its claims to Plaintiff under its policies of insurance issued to the Insured.

28. Plaintiff, under the strict language of its policies, has paid or will pay the damages.

29. Plaintiff, to the extent of its payments made, are equitably and contractually subrogated to the Insured's rights of recovery and the claims alleged herein.

## COUNT I - STRICT PRODUCT LIABILITY

30. Plaintiff repeats and realleges the allegations set forth in preceding paragraphs as if fully set forth herein.

31. Defendant manufactured, sold, and distributed the charging cable that was used with the Insured's Tesla vehicle.

32. The charging cable was in a defective condition or unreasonably dangerous at the time it left Defendant's control, in violation of Tenn. Code Ann. § 29-28-105.

33. The charging cable contained a defect in the internal insulation on the conductors that caused it to arc and ignite during normal use.

34. The defect in the charging cable existed at the time it left Defendant's control.

35. The defective charging cable directly and proximately caused the fire at the Insured's residence on July 25, 2024.

36. As a direct and proximate result of the defective condition of the charging cable, the Insured suffered real and personal property damage to his residence and vehicles in an amount in excess of $4 million.

37. Plaintiff is subrogated to the Insured's rights of recovery equitably and contractually by virtue of its policies of insurance and its payments to, and on behalf of, the Insured.

## COUNT II – NEGLIGENCE

38. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

39. Defendant owed a duty of care to Plaintiff to design, manufacture, and sell a charging cable that was safe for its intended use.

40. Defendant designed, manufactured, and sold the charging cable that was used with Plaintiff's Tesla vehicle.

41. Defendant breached its duty of care by designing, manufacturing, and selling a charging cable with defective internal insulation that caused it to arc and ignite during normal use.

42. Defendant's breach of its duty of care directly and proximately caused the fire at Plaintiff's residence on July 25, 2024.

43. As a direct and proximate result of Defendant's negligence, the Insured suffered real and personal property damage to his residence and vehicles in an amount in excess of $4 million.

5

44. Plaintiff is subrogated to the Insured's rights of recovery equitably and contractually by virtue of its policies of insurance and its payments to, and on behalf of, the Insured.

## COUNT III – FAILURE TO WARN

45. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

46. Defendant had a duty to warn the Insured of any dangers associated with the charging cable.

47. Defendant knew or should have known that the charging cable contained a defect in the internal insulation that could cause it to arc and ignite during normal use.

48. Defendant failed to warn the Insured of the danger posed by the defective charging cable.

49. Defendant's failure to warn the Insured of the danger posed by the defective charging cable directly and proximately caused the fire at the Insured's residence on July 25, 2024.

50. As a direct and proximate result of Defendant's failure to warn, the Insured suffered real and personal property damage to his residence and vehicles in an amount in excess of $4 million.

51. Plaintiff is subrogated to the Insured's rights of recovery equitably and contractually by virtue of its policies of insurance and its payments to, and on behalf of, the Insured.

6

Case 3:26-cv-00110   Document 1-2   Filed 02/02/26   Page 7 of 11 PageID #: 33

## COUNT IV – BREACH OF EXPRESS WARRANTY

52. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

53. Defendant made affirmations of fact or promises regarding the charging cable and vehicle that became part of the basis of the bargain, in accordance with Tenn. Code Ann. § 47-2A-210.

54. Defendant expressly warranted that the charging cable was safe and suitable for its intended purpose of charging the Tesla vehicle.

55. The charging cable failed to conform to Defendant's express warranties when it ignited due to a defect in the internal insulation during normal use.

56. Defendant's breach of express warranty directly and proximately caused the fire at the Insured's residence on July 25, 2024.

57. As a direct and proximate result of Defendant's breach of express warranty, the Insured suffered real and personal property damage to his residence and vehicles in an amount in excess of $4 million.

58. Plaintiff is subrogated to the Insured's rights of recovery equitably and contractually by virtue of its policies of insurance and its payments to, and on behalf of, the Insured.

## COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

59. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

60. Defendant is a merchant with respect to electric vehicles and charging equipment, in accordance with Tenn. Code Ann. § 47-2A-212.

61. Defendant impliedly warranted that the charging cable was merchantable and fit for the ordinary purpose for which such goods are used.

62. The charging cable was not fit for its ordinary purpose of safely charging the Tesla vehicle, as it was the origin and cause of a fire while being used under normal conditions.

63. Defendant's breach of the implied warranty of merchantability directly and proximately caused the fire at the Insured's residence on July 25, 2024.

64. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, the Insured suffered real and personal property damage to his residence and vehicles in an amount in excess of $4 million.

65. Plaintiff is subrogated to the Insured's rights of recovery equitably and contractually by virtue of its policies of insurance and its payments to, and on behalf of, the Insured.

## COUNT VI – IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

66. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

67. Defendant is a merchant with respect to electric vehicles and charging equipment, in accordance with Tenn. Code Ann. § 47-2A-213.

68. Defendant sells directly to its consumers over the internet and in person.

69. As the manufacturer, seller, and servicer of its vehicles and vehicle accessories, Defendant has reason to know of the particular purpose for which its goods are used, and that its consumers rely upon Defendant's skill or judgment to select and furnish suitable goods.

70. Defendant knew or had reason to know that the Insured would use the provided charging cable to charge his vehicle at home.

8

COPY

71. Defendant knew or had reason to know that the Insured relied upon Tesla to provide the Insured with its skill and judgment to select and furnish a charger appropriate for the Insured's needs.

72. The charging cable was not fit for its purpose of safely charging the Tesla vehicle, as it was the origin and cause of a fire while being used under normal conditions.

73. Defendant's breach of the implied warranty of fitness for a particular purpose directly and proximately caused the fire at the Insured's residence on July 25, 2024.

74. As a direct and proximate result of Defendant's breach of the implied warranty of fitness for a particular purpose, the Insured suffered real and personal property damage to his home and vehicles in an amount in excess of $4 million.

75. Plaintiff is subrogated to the Insured's rights of recovery equitably and contractually by virtue of its policies of insurance and its payments to, and on behalf of, the Insured.

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendant and award Plaintiff damages in an amount to be determined at trial, but in excess of $4 million, as well as any other award this Court believes just, including all attorney fees, costs, and interest, including pre-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

COPY

Respectfully submitted,

/s/ Gail Vaughn Ashworth, #10656
Gail Vaughn Ashworth, #10656
WISEMAN ASHWORTH TRAUGER
MOORE SILVUS
511 Union Street, Suite 800
Nashville, Tennessee 37219
615-254-1877
Gail@watlawgroup.com
*Local Counsel for Plaintiff*

/s/ Evan J. Malinowski
Evan J. Malinowski (PHV to be submitted)
Joshua L. Whicker (PHV to be submitted)
**DENENBERG TUFFLEY, PLLC**
28411 Northwestern Hwy., Ste. 600
Southfield, MI 48034
Telephone: 248-554-3900
Facsimile: 248-554-5808
emalinowski@dt-law.com
jwhicker@dt-law.com
*Attorneys for Plaintiff*

10