**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **AIG PROPERTY CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-00110** |
| | ) | |
| **TESLA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge Luke A. Evans ("R&R") (Doc. No. 32), recommending that the Court grant Tesla, Inc.'s motion to compel arbitration (Doc. No. 15) and stay this case pending arbitration. The R&R, issued on October 7 2026, notified the parties that any objections must be filed within fourteen days after service. (Doc. No. 32 at 10–11). Having received no objections to the R&R, the Court need only review the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee note of 1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has conducted a de novo review of the R&R and the record. The Court agrees with the Magistrate Judge that a valid agreement to arbitrate exists, that AIG Property Casualty Company's claims fall within the scope of the arbitration provision, and that AIG, as subrogee, is bound by the terms of the arbitration agreement.

Accordingly, the Court **ADOPTS** the R&R (Doc. No. 32) in its entirety. Tesla's motion to compel arbitration (Doc. No. 15) is **GRANTED**. This case is **STAYED** pending arbitration. The Clerk shall administratively close the case.

IT IS SO ORDERED

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE